Zeidman *v.* Zeidman, Appellant.

Argued November 12, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edwin P. Rome,* with him *Blank, Rudenko, Klaus & Rome,* for appellant.

*Robert K. Greenfield,* with him *Bernard M. Guth,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 5, 1965:

Plaintiff sued her estranged husband for arrears due her for the maintenance and support of their two minor (natural) daughters from 1959 to 1962, under the provisions of a written property settlement agree-

ment made between plaintiff and defendant. The lower Court, sitting as a Judge without a jury, entered judgment for plaintiff in the sum of $11,477.56, which was the difference (with interest) between what defendant paid her and the sum of $12,000 a year. Defendant appealed from this judgment.

The lengthy agreement between plaintiff and defendant was not as carefully and clearly drawn, in some respects, as it should have been. The parties relevantly provide in Paragraph 4 that "Leonard [defendant] shall pay to Betty [plaintiff] toward the support of [their] natural daughters one thousand dollars per month for the month of January, 1959, and each month thereafter until the natural daughters shall be married or attain the age of twenty-one years, whichever first occurs." Neither of their natural daughters has married or attained the age of twenty-one years.

Paragraph 5 relevantly provides, "So long as Leonard makes such payments to Betty, the guardians of their separate estates referred to in paragraph 7 hereof shall pay over the net cash income therefrom after income taxes thereon and proper expenses of the guardianship to Leonard as reimbursement pro tanto of such support payments. If Leonard's gross income in 1959 [and thereafter in each successive year] falls below twenty thousand dollars, his obligation for support in that year under paragraph 4 above shall be limited to the amount received from said guardians, plus six thousand dollars, . . . ."

Paragraph 6 relevantly provides that for the purpose of *verifying* Leonard's gross income, he agrees to exhibit to Betty or her nominee, *for her inspection,* a copy of his Federal Income Tax Return.

Plaintiff proved the arrears which were due her under the provisions of paragraph 4. Defendant then moved for a nonsuit and upon the Court's refusal thereof, offered no evidence of his gross income. De-

fendant contends (1) that his gross income was less than $20,000 a year and he therefore had to pay only $6,000 instead of $12,000 a year, and (2) that under the Agreement the burden was upon plaintiff to prove that defendant's gross income exceeded $20,000 in each year in question. The trial Court held that under the Agreement the burden of proving that defendant's income fell below $20,000 a year was upon defendant, not upon plaintiff. It will suffice to say, without further discussion or analysis of the agreement, we agree with the lower Court's interpretation of the agreement.

Judgment affirmed.